IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

PATRICIA ROUNDS,

    Plaintiff,

vs.                                      No. 00-2929-JDB

CONTINENTAL GRAIN COMPANY,

    Defendant.

_____

ORDER DENYING RULE 60(b) MOTION
AND
ORDER CERTIFYING APPEAL IS NOT TAKEN IN GOOD FAITH
_____

On January 2, 2001, the Court entered its judgment dismissing this action for racial discrimination pursuant to the Plaintiff's Stipulation of Voluntary Dismissal with Prejudice entered on December 21, 2000, (Docket entry # 12). On November 7, 2006, Plaintiff Rounds filed a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

The motion consists of Round's allegations that her former counsel in this case provided improper representation, which included acts of fraud. The Defendant filed its response to Plaintiff's motion and included as an exhibit the "Release and Settlement Agreement" signed by Plaintiff on December 19, 2000, in which Plaintiff "irrevocably and unconditionally" released, acquitted and discharged the Defendant "from any and all claims, demands, actions, and causes of action of any and every kind and character, known or

unknown, which [Plaintiff] may have against [Defendant], including, without limitation all claims, demands, actions and causes of action connected in any way with her employment and/or separation by [Defendant]..." (Exhibit C, Affidavit of Susan Clark, Exhibit 2 to affidavit)

Federal Rule Civ. P. 60(b) states, in relevant part:

On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3)fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; . . . (6) any other reason justifying relief from the operation of the judgment. . . . The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

The motion appears to be brought under Rule 60(b)(3) due to Plaintiff's belief that former counsel is a party who acted adverse to her interests.  If the motion should be construed as one under 60(b)(3), however, it is untimely because it was not filed within one year of the entry of the judgment.

Furthermore, even claims under Rule 60(b)(6) must be made within a reasonable time.  The determination of reasonable time "ordinarily depends on the facts of a given case including the length and circumstances of the delay, and the circumstances compelling equitable relief."  Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir. 1990).  Rounds has no explanation for the over five year delay in presenting these grounds to this Court.  Rounds was aware of her attorney's conduct and pursued an unsuccessful malpractice action against her in Shelby County Circuit Court.  See Rounds v.

2

Caldwell, No. CT-002143-04 (Order of May 9, 2005, granting summary judgment for Defendant based upon statute of limitations). It is obvious that Rounds filed this motion immediately after her appeal of the trial court's judgment was dismissed by the Tennessee Court of Appeals on October 23, 2006. Id. Plaintiff's allegations are untimely and present no reason justifying relief from the judgment. Accordingly, the motion for relief from judgment is DENIED.

Should Plaintiff seek to appeal the denial of this motion in forma pauperis, 28 U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The same considerations that lead the Court to deny this motion also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter is not taken in good faith and Plaintiff may not proceed on appeal in forma pauperis.

The Sixth Circuit Court of Appeals decisions in McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997), and Floyd v. United States Postal Service, 105 F.3d 274 (6th Cir. 1997), apply to any appeal filed by Plaintiff in this case.

If Plaintiff files a notice of appeal, she must pay the entire $455 filing fee required by 28 U.S.C. §§ 1913 and 1917.[1] The entire

---

[1] The fee for docketing an appeal is $450. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

3

filing fee must be paid within thirty (30) days of the filing of the notice of appeal.  By filing a notice of appeal the Plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal.

If Plaintiff fails to comply with the above assessment of the appellate filing fee within thirty (30) days$^2$ of the filing of the notice of appeal or the entry of this order, whichever occurred later, the district court will notify the Sixth Circuit, who will dismiss the appeal.  If the appeal is dismissed, it will not be reinstated once the fee is paid.  McGore, 114 F.3d at 610.

IT IS SO ORDERED this 2nd day of August, 2007.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the Clerk of the district court, by the appellant or petitioner.

$^2$    The district court may extend this deadline one time by thirty (30) days if the motion to extend is filed within the meaning of Houston v. Lack, 487 U.S. 266 (1988), and Fed. R. App. P. 4(c) before the expiration of the original deadline.  McGore, 114 F.3d at 610.

4