IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

PATRICIA ROUNDS,

   Plaintiff,

vs.            No. 00-2929-JDB

CONTINENTAL GRAIN COMPANY,

   Defendant.

_____

ORDER DENYING RULE 59(e) MOTION
AND
ORDER CERTIFYING APPEAL IS NOT TAKEN IN GOOD FAITH
_____

  On January 2, 2001, the Court entered its judgment dismissing this action for racial discrimination pursuant to the Plaintiff's Stipulation of Voluntary Dismissal with Prejudice entered on December 21, 2000, (Docket entry # 12).  On November 7, 2006, Plaintiff Rounds filed a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  On August 2, 2007, the Court denied the motion as untimely and presenting no reasons justifying relief from the judgment.  Thereafter, on August 13, 2007, Plaintiff filed a motion to alter or amend judgment under Rule 59(e).

  A Rule 59(e) motion must be filed no later than 10 days after the entry of the judgment.  Contrary to Plaintiff's assertion, the order entered by this Court which denied Plaintiff's Rule 60(b)

motion was not a judgment.[1]  The judgment was entered in this case on January 2, 2001.  Plaintiff's Rule 59(e) motion is untimely and is DENIED.

Should Plaintiff seek to appeal the denial of this motion <u>in forma pauperis</u>, 28 U.S.C. § 1915(a)(3) provides that an appeal may not be taken <u>in forma pauperis</u> if the trial court certifies in writing that it is not taken in good faith.  The good faith standard is an objective one.  <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962).  The same considerations that lead the Court to deny this motion also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter is not taken in good faith and Plaintiff may not proceed on appeal <u>in forma pauperis</u>.

The Sixth Circuit Court of Appeals decisions in <u>McGore v. Wrigglesworth</u>, 114 F.3d 601 (6th Cir. 1997), and <u>Floyd v. United States Postal Service</u>, 105 F.3d 274 (6th Cir. 1997), apply to any appeal filed by Plaintiff in this case.

If Plaintiff files a notice of appeal, she must pay the entire $455 filing fee required by 28 U.S.C. §§ 1913 and 1917.[2]  The entire

---

[1]   Plaintiff also invokes Fed. Rule Civ. P. 52(b), which is entirely inapplicable to this long-settled and closed case.

[2]   The fee for docketing an appeal is $450.  <u>See</u> Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913.  Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the Clerk of the district court, by the appellant or petitioner.

filing fee must be paid within thirty (30) days of the filing of the notice of appeal.  By filing a notice of appeal the Plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal.

If Plaintiff fails to comply with the above assessment of the appellate filing fee within thirty (30) days[3] of the filing of the notice of appeal or the entry of this order, whichever occurred later, the district court will notify the Sixth Circuit, who will dismiss the appeal.  If the appeal is dismissed, it will not be reinstated once the fee is paid.  McGore, 114 F.3d at 610.

IT IS SO ORDERED this 14th day of August, 2007.

                                         s/ J. DANIEL BREEN
                                         UNITED STATES DISTRICT JUDGE

---

[3] The district court may extend this deadline one time by thirty (30) days if the motion to extend is filed within the meaning of Houston v. Lack, 487 U.S. 266 (1988), and Fed. R. App. P. 4(c) before the expiration of the original deadline.  McGore, 114 F.3d at 610.